Electronically Filed
7/20/2020 10:58 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Scott L. Poisson, Esq.
Nevada Bar No. 10188
Amber N. King, Esq.
Nevada Bar No. 14070
**BERNSTEIN & POISSON**
700 S. Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 877-4878
Facsimile: (702) 256-6280
*Attorneys for Plaintiff*

CASE NO: A-20-818206-C
Department 29

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

NELSON DIAZ, an individual,

    Plaintiff,

v.

HOBBY LOBBY STORES, INC., doing business as HOBBY LOBBY; DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive,

    Defendant(s).

Case No.:

Dept. No.:

**COMPLAINT**

COMES NOW, the Plaintiff, by and through her counsel of record, BERNSTEIN & POISSON, submits this complaint against Defendants for the foregoing causes of action, and alleges as follows:

**JURISDICTION**

1. Nelson Diaz, (hereinafter "Plaintiff") is individual residing in Clark County, Nevada.

2. Hobby Lobby Stores, Inc., is a limited liability company, doing business in Clark County, Nevada as Hobby Lobby.

3. DOE and ROE Defendants 1 through 200 are legal entities/residents of Clark County, Nevada, and authorized to do business by the State of Nevada. Furthermore, said Doe and Roe Defendants were employees, agents, or servants of Defendants in its control and

Case 2:20-cv-01540-RFB-NJK   Document 1-2   Filed 08/20/20   Page 2 of 4

functioned and assisted in the operation, control maintenance and/or management of the premise, in which plaintiff was injured, causing damages.

4. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100 and ROE CORPORATIONS 101 through 200, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; on information and belief, Plaintiff alleges that the Defendants, and each of them, designated herein as a DOE or ROE CORPORATION were responsible in some manner for the injuries sustained by the Plaintiff resulting from the below stated incident; and is liable for all damages due to Plaintiff as alleged herein. Plaintiff will ask leave of court to amend this Complaint to insert the true names and capacities when the same is ascertained and to join such Defendants in this action.

5. DOES 1 through 5 are entities responsible for hiring, training and supervising employees of the retail store known as Hobby Lobby, located at 625 N. Stephanie Street, Henderson, Nevada 89014. DOES 6 through 10 are entities or individuals who are responsible for assisting customers with the transport of goods to and from the store parking area subject to this incident at the property at Hobby Lobby, located at 625 N. Stephanie Street, Henderson, Nevada 89014. Plaintiffs will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained.

**CLAIM FOR NEGLIGENCE**

6. Defendants owned and supervised employees of the retail store that is subject to this incident, located at Hobby Lobby, located at 625 N. Stephanie Street, Henderson, Nevada 89014 (hereinafter "the Property").

7. On August 14, 2018, Nelson Diaz was legally on the premise owned and operated by Defendants.

8. Mr. Diaz requires the assistance of a Hobby Lobby employee to transport a large piece of glass between his vehicle and the store.

9. Defendants were in charge of training and supervising its employees as to procedures for the transport of goods between customers vehicles and the store.

Page 2 of 4

10. Defendants are vicariously liable for its employees actions.

11. Defendants and its employees had a duty to secure and safely transport goods between customers vehicles and the store when requested.

12. Defendants and its employees breached their duty by failing to properly secure or provide a safe method of transporting the piece of glass between the Plaintiff's vehicle and the store.

13. Instead of provided a safe and secure transport of the glass, the employee and assisted Plaintiff by helping to carry the piece of glass.

14. The failure to provide a safe method of transport of the piece of glass caused the glass to be dropped and break, injuring Plaintiff's hand and arm.

15. Defendants, and each of them, had a duty to supervise and provide safe transport or goods in a reasonably safe and suitable manner for its patrons, guests and invitees; and further to take any and all reasonable precautions to avoid dangerous transport of goods.

16. Defendants and their employees knew or should have known about the dangerous condition, which caused the injuries to Plaintiff, yet continued to let this condition exist, causing an unreasonable threat to the safety of those on their property, including Plaintiff.

17. Defendants, and each of them, known and unknown, breached these duties, directly and proximately causing Plaintiff's injuries.

18. Defendants and its employees, despite having actual notice or constructive notice, that the glass was being transported in a dangerous manner, failed to cure the same, enact proper safeguards, or warn of same to prevent serious bodily injury to Plaintiff, all in breach of its duty of due care herein.

19. Defendant's negligence was the actual and proximate cause of physical injury to Nelson Diaz.

20. Nelson Diaz incurred medical expenses, wage loss, loss of household services, pain and suffering, as a result of this incident.

21. This incident caused Plaintiff to suffer severe injuries and damages in an amount in excess of $15,000.00 subject to proof at trial, and Plaintiff will continue to suffer from his injuries in the future.

## DEMAND FOR JUDGMENT

**WHEREFORE**, the Plaintiff reserving her right individually or through her representatives, to amend his Complaint prior to, or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against said Defendants, and each of them as follows:

1) For General and Special Damages in a sum in excess of $15,000.00;
2) For Attorneys' fees and costs of suit incurred herein;
3) For interest at the statutory rate; and
4) For such other and further relief as the Court may deem just and equitable in the matter.

DATED this   20th   day of July, 2020.

Respectfully submitted,

**BERNSTEIN & POISSON**

 /s/ Amber N. King
SCOTT L. POISSON, ESQ.
State Bar No. 010188
AMBER N. KING, ESQ.
State Bar No.14070
700 S. Jones Blvd.
Las Vegas, Nevada 89107
(T) (702) 877-4878
(F) (702) 256-6280
Email: amber@vegashurt.com
*Attorneys for Plaintiff*